JOHN KANE, Plaintiff

v.

COUNTRY COMFORT, SAMOA PACIFIC ENTERPRISES, and RANDY FORCHT, Defendants

High Court of American Samoa
Trial Division

CA No. 40-85

January 19, 1989

Before REES, Associate Justice.

Counsel: For Plaintiff, Asaua Fuimaono
 For Defendant Traditional Medicinals

(Country Comfort), Roy J.D. Hall, Jr.
For Defendants Forcht and Samoa Pacific
Enterprises, John Ward

On Motion to Dismiss:

Defendants move to dismiss this action for failure of diligent prosecution. They allege (1) that in September 1986 counsel for plaintiff was ordered to amend his pleading to join another defendant; (2) that in April 1987 counsel for defendant Country Comfort wrote to counsel for plaintiffs noting that he had not amended the pleading and suggesting the action be dismissed; (3) that in July 1987 counsel for defendant Country Comfort again wrote counsel for plaintiffs, requesting a reply to his earlier letter; (4) that no reply was ever received to either letter; (5) that aside from one unproductive deposition later in 1987, nothing has been done on the case since 1986.

At the hearing on this motion counsel for plaintiff explained that he had never joined the additional defendant, said to be a California corporation, because the California official who keeps track of corporations had told him there was no such corporation. He offered no explanation for his failure to explain this or to respond in any other way to defense counsel's April 1987 and July 1987 letters. Counsel for plaintiff says his failure to do much about the case is due primarily to the fact that there has been no one in American Samoa who might serve as a consultant and expert witness on skin conditions. He added that he has "pretty much left up to [his] client" the search for such a consultant outside Samoa, but that the recent return to the Territory of a doctor who formerly treated his client is an encouraging sign.

It is clear that plaintiff's counsel has neglected the case, at least in failing to answer the two letters and probably also in not doing more about finding an expert witness and otherwise preparing the case for trial. Judged against the usual standard of diligence with which lawsuits in American Samoa have been prosecuted, this neglect is insufficient to overcome the law's strong bias in favor of disposition of claims on their merits. It is, however, sufficient to justify an award against plaintiff's counsel of the fees incurred by

17

opposing parties in connection with this motion to dismiss.

The Court is also concerned that the denial of this motion might result in further delay. Accordingly, counsel for plaintiff is ordered to make any further discovery requests no later than fifteen days from the date of this order. No later than thirty days after defendants' responses to any such requests, counsel for plaintiff shall move to set a trial date. These deadlines should also be sufficient for counsel to locate and consult with an expert witness.

Counsel for defendants should prove by affidavit the fees incurred by their clients in connection with this motion.

It is so ordered.